## SMITH v. SHAW.

Appeal from Ray Circuit Court.

*A. Rees, counsel for Appellant.*

1. That they may impeach the consideration of this bond either in the whole or in part, and that, by parole testimony, see revised Statutes p. 359–60, section 7.

2nd. That the justice having by law, chancery jurisdiction, the circuit court, on appeal, had the same, and should have decided the case upon the principles of chancery adjudications, and if so, the law is clear and well settled see Sugden

on Vendors, 382, 3, and (note 200) in points. Sug. 166, di-
rectly in point, see sug. (208, note 113.)

Davis, counsel for appellee, cited.

Merdecia Lane v E. Price, 5, vol. Decisions of this court p. 101. and cases there refered to.

Opinion of the Court by Tompkins, Judge.

Shaw sued Smith before a justice of the peace on a note. The justice gave judgment against Shaw, and he appealed to the circuit court. That court gave judgment against Smith, for seventy dollars, a balance due on the note, after deducting payments made.

Smith offered evidence to prove that the note was given in consideration of land sold by Shaw to him, and the deed produced in evidence showed that Shaw had sold him several tracts of land without specifying the quantity of land each contained for the gross sum of seven hundred and seventy dollars.

No evidence was offered to prove that the note formed any part of the consideration agreed to be paid for this land; and the court refused to permit him to prove a verbal agreement, that if the land on survey did not hold out in quantity with the reported contents of the surveys, made under the authority of the United States, in such case, Smith was to have an allowance for the deficiency, on his notes.

As Smith did not prove the note was given in consideration of the land, it is entirely useless to enquire whether such an agreement would be good under the Statute of frauds. It is not attempted to be proved that the note was obtained by means of any fraudulent representations made by Shaw.

This judgment of the circuit court ought to be affirmed, and, Judge Napton concurring, it is affirmed.